United States District Court
Southern District of Texas
**ENTERED**
November 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Sebastian Drayton, § <br>    Petitioner, § <br> § <br> v. § <br> §     Civil Action H-19-4903 <br> Bobby Lumpkin, § <br> Director, Texas Department of § <br> Criminal Justice, Correctional § <br> Institutions Division, § <br>    Respondent. § | |

# Report and Recommendation

Sebastian Drayton is serving a sentence of life in prison without parole for capital murder. (10-2 at 136.) He filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (5) Bobby Lumpkin has moved for summary judgment. (11) Lumpkin argues that federal courts lack authority to review a state court's denial of a motion to suppress under the Fourth Amendment and therefore habeas relief is unavailable. The court agrees and recommends that Lumpkin's summary judgment motion be granted, and that Drayton's petition be denied with prejudice.

*1. Facts*

During Drayton's capital murder trial, the prosecutor offered evidence that was seized from two cell phones searched pursuant to search warrants. Drayton's lawyer made an oral motion to suppress the evidence. The court excused the jury and heard evidence and argument on the motion on the afternoon that the motion was made and into the next day. (10-9 at 84 – 10-10 at 48.) The court denied the motion. (10-10 at 48.) On the same day that the court denied the motion, Drayton's counsel filed a detailed written motion re-urging

his arguments. (10-2 at 119–23.) The court again denied the motion. *Id.* at 124.

Drayton was convicted and the court sentenced him to life in prison without parole. (10-2 at 136–37.) On appeal, Drayton raised in a single issue that the trial court erred by denying his motion to suppress. (10-19) The Texas Fourteenth Court of Appeals affirmed Drayton's conviction. He filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was refused. *Drayton v. State*, 559 S.W.3d 722 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd).

Drayton did not seek habeas relief in state court. He now raises two related claims in his federal habeas petition. In his first ground for relief, Drayton claims that the trial court erred in denying his motion to suppress evidence obtained from his cell phone during a search incident to arrest, in violation of the Fourth Amendment as interpreted by the Supreme Court in *Riley v. California*, 573 U.S. 373 (2014). In his second ground for relief, Drayton claims that the trial court erred in denying his motion to suppress "cell phone data evidence," which he characterizes as fruit of the poisonous tree. Drayton cites *Carpenter v. United States*, 138 S. Ct. 2206 (2018) in support of his second claim.

2. Analysis

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). This is because, in the habeas context, enforcement of the exclusionary rule would do little to deter police misconduct, when compared to the societal cost of possibly overturning a conviction that has been affirmed on direct or collateral review in state court. *Id.* at 492–95. If the state provides an opportunity for the petitioner to raise his Fourth Amendment claims, the *Stone* bar applies. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012). It does not matter if the petitioner avails himself of

the opportunity. The question is whether state processes exist that allow the claim to be raised. *Id.*

Drayton litigated his Fourth Amendment claims at a hearing in open court. He had the opportunity to see and hear the evidence, call witnesses and cross-examine the State's witnesses. He then appealed the decision and the issues raised were thoughtfully considered by the court of appeals. He then raised the same claims in the Texas Court of Criminal Appeals. He was allowed a full and fair opportunity to litigate his Fourth Amendment claims and habeas relief is therefore not available.

Habeas relief should be denied.

### 3. Conclusion

The court recommends that Drayton's petition be denied with prejudice. He has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its ruling. Therefore, the undersigned recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 9, 2020.

_____
Peter Bray
United States Magistrate Judge